# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ROBERTA GREEN, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |

No. 13-920V

Special Master Christian J. Moran

Filed: April 14, 2016

Attorneys' fees and costs; hourly rate

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Reneé J. Gentry, Vaccine Injury Clinic, George Washington University Law School, Washington DC, counsel for petitioner;
Glenn A. MacLeod, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 30, 2015, petitioner, Roberta Green ("Ms. Green"), filed an application for attorneys' fees and costs. See Pet'r's App. Respondent filed a response to Ms. Green's application on November 20, 2015. See Resp't's Resp. She deferred to the special master to determine the attorneys' reasonable hourly rate and did not raise any specific objections to number of hours or costs claimed. Id. at 1. A status conference was held on April 4, 2016, to discuss the application.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

For the reasons set forth below, the undersigned awards Ms. Green **$29,824.81** in reimbursement for fees and costs.

## PROCEDURAL HISTORY

Ms. Green alleges that the trivalent influenza ("flu") vaccine, contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a), and which she received on October 11, 2011, caused her to suffer Guillain-Barré Syndrome ("GBS"). <u>See</u> Pet., filed Nov. 21, 2013. While the Secretary did not concede that the flu vaccination caused Ms. Green's GBS or subsequent injuries, a joint stipulation was filed by respondent. Joint Stipulation filed May 1, 2015. The undersigned issued a decision pursuant to the joint stipulation and Ms. Green was awarded $165,000. <u>Decision</u>, issued May 4, 2015.

With the merits of Ms. Green's case resolved, the parties turned to the issue of attorneys' fees and costs. On October 30, 2015, Ms. Green filed a motion for attorneys' fees and costs in the amount of $30,114.42 and costs incurred by petitioner in the amount of $400.49. Pet'r's App. at 1.

Respondent filed her response on November 20, 2015, and deferred to the special master's discretion in adjudicating a reasonable hourly rate for Ms. Green's counsel. Resp't's Resp. at 1. Further, respondent raised no specific objections to the number of hours billed by Ms. Green's counsel or the costs claimed. <u>Id.</u> A status conference was held on April 4, 2016, to discuss a reasonable hourly rate.

This matter is now ripe for adjudication.

## DISCUSSION

Respondent did not object the number of hours billed or the costs incurred and left the determination of a reasonable hourly rate to the special master, thus the undersigned is tasked with determining the reasonable hourly rates for the attorneys.

## I.    Entitlement to Fees and Costs Under the Vaccine Act

Under the Vaccine Act, a special master or a judge of the United States Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); <u>Sebelius v. Cloer</u>, 133 S. Ct. 1886, 1893 (2013). Ms. Green was awarded

compensation, and therefore Ms. Green is entitled to an award of reasonable attorneys' fees and costs in this case.

## II.    Reasonableness of Requested Attorneys' Fees and Costs

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act, which involves a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).  Counsel must not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id.  Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### A. Reasonable Hourly Rates

In her fee application, filed on October 30, 2015, Ms. Green requested the following rates for the attorneys who worked on this matter; $385 per hour for work performed in 2013 and $400 per hour for work performed in 2014 by attorney Peter Meyers; $400 per hour for work performed in 2014 and $415 per hour for work performed in 2015 by attorney Clifford J. Shoemaker; and $385 per hour for work performed in 2014 and $400 per hour for work performed in 2015 by attorney Reneé J. Gentry.  See Pet'r's App. at 7, 9-13.  Ms. Green based the rates on McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL

3

5634323 (Fed. Cl. Spec. Mastr. Sept. 1, 2015) forum rates.  Id. at 1 n.1.
Respondent deferred to the special master's discretion for the hourly rates sought.
Resp't's Resp. at 1.

An appropriate hourly rate for the attorneys and law clerks practicing at the
forum rate was found in McCulloch, 2015 WL 5634323.  Rates within the forum
are modified based on the attorney's qualifications such as years of experience
within the Vaccine Program as well as quality of the work performed.  The
McCulloch hourly rates range from $280 per hour for an attorney with 5 years of
experience in the Program all the way to $415 per hour with more than 20 years of
experience.  The attorneys at the highest tier of McCulloch rates have extensive
experience practicing before Office of Special Masters, Court of Federal Claims,
and Federal Circuit, usually play large roles in the cases they bring in the Vaccine
Program, and often contribute to events associated with the Vaccine Program.

### 1. Mr. Meyers

Ms. Green requested an hourly rate of $385 in 2013 and $400 in 2014 for
Mr. Meyers.  He served as an attorney at the George Washington University Law
School Vaccine Clinic (the "Clinic"), which is located in the forum, Washington,
DC.  McCulloch establishes the reasonable hourly rate for attorneys practicing
within Washington, DC.

While Ms. Green did not provide background information to support Mr.
Meyers's requested hourly rate, he is known to the Program.  He directed the
Clinic for at least 15 years.  See generally Domney v. Sec'y Health & Human
Servs., No. 94-1086V, 1999 WL 199059 (Fed. Cl. Spec. Mstr. Mar. 15, 1999).

The undersigned will award Mr. Meyers $385 for work performed in 2013,
and $400 per hour for work performed in 2014.

### 2. Mr. Shoemaker

Ms. Green requested an hourly rate of $400 in 2014 and $415 in 2015 for
Mr. Shoemaker.  He is a partner at Shoemaker, Gentry & Knickelbein located in
Vienna, Virginia.  In the status conference held on April 4, 2016, Mr. Shoemaker
stated that he served as a co-director of the Clinic, during the relevant years, and
thus entitling him to the forum rate for Washington, DC as governed by
McCulloch.

Mr. Shoemaker also did not provide any background information to support the hourly rate requested.  However, he also is known to the Program.

The undersigned will award Mr. Shoemaker a rate of $400 per hour for the work performed in 2014 and $415 per hour for the work performed in 2015.

### 3.  Ms. Gentry

Ms. Green requested an hourly rate of $385 per hour and $400 per hour in 2014 and 2015 respectively for the work performed by Ms. Gentry.  An affidavit outlining Ms. Gentry's legal experience was included in the application.  In her affidavit, Ms. Gentry stated that during the relevant years, she was a partner at Shoemaker, Gentry & Knickelbein in Vienna, Virginia, co-taught at the Clinic in 2014, and became its co-director in 2015.

The forum rate for the Clinic is Washington, DC.  However, with McCulloch as guidance, Ms. Gentry does not quite fall in to a specific category of rates.  She has more than seven years of experience, but less than 20 years.  Thus, under McCulloch, her hourly rate should be more than $300 per hour, but less than $400 per hour.  While Ms. Gentry has less than 20 years of experience in the Program, her qualifications place her at the higher end of the $300 to $400 per hour range.

The undersigned finds the reasonable hourly rate for Ms. Gentry to be $375 per hour for work performed in 2014 and $400 per hour for work performed in 2015.

### 4.  Law Students

In her fee application, Ms. Green did not request a specific hourly rate for law students.  However, after separating the law student's total from the total fees and costs, their implied requested rate was determined to be $150 per hour.  The law students worked on this case as part of their involvement in the Clinic, thus the forum is Washington, DC, and governed by McCulloch.  In McCulloch, the special master determined $145 was the reasonable hourly rate for law students, who worked at the firm as law clerks and under the supervision of attorney's at the firm.  McCulloch, 2015 WL 5634323, at *21.

Therefore the undersigned finds their reasonable hourly rate to be $145.

**B. Reasonable Number of Hours**

After a reasonable hourly rate is determined, the next step is to determine a reasonable number of hours.  Respondent did not raise any specific objections to the number of hours billed or the costs incurred.

Mr. Meyers billed 4 hours and 3.3 hours in 2013 and 2014 respectively.  At a rate of $385 per hour in 2013 and at a rate of $400 per hour in 2014, Mr. Meyers is awarded $2,860.  Mr. Shoemaker billed 3.9 hours and 3.3 hours in 2014 and 2015 respectively.  At a rate of $400 per hour in 2014 and at a rate of $415 per hour in 2015, Mr. Shoemaker is awarded $2,929.50.  Ms. Gentry billed 7.86 hours in 2014 and 5.95 hours in 2015.  Therefore, at a rate of $375 per hour in 2014 and a rate of $400 per hour in 2015, Ms. Gentry is awarded $5,327.50.  The law students billed a total of 122.3 hours and at a rate of $145 per hour, they earn $17,733.50 for their work performed.

## CONCLUSION

The undersigned finds an award of attorneys' fees and costs appropriate.

Ms. Green is awarded $29,824.81 in attorneys' fees and costs.  This shall be paid as follows:

a. **$29,424.32** representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to Ms. Green and her attorney, Renee Gentry at the Vaccine Injury Clinic, George Washington University Law School, in the amount of **$29,424,32**; and

b. **$400.49** representing Ms. Green's costs.  The award shall be in the form of a check made payable to Ms. Green for **$400.49**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master